# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DENNIS JEROME WADDELL,**

      **Plaintiff,**

v.

**DAVID GORMLEY, et al.,**

      **Defendants.**

Case No. 2:20-cv-706
Judge Edmund A. Sargus
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Dennis Jerome Wadell is an inmate at Ross Correctional Institution who is proceeding *pro se* against Defendants David Gormley, Donald Morgan, and Jeffrey Howard. (Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915A, 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

**I.    MOTION FOR LEAVE TO PROCEED** ***IN FORMA PAUPERIS***

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Ross Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores*

*v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

Plaintiff does not bring an intelligible legal claim in his Complaint, which speaks for itself:

> MY STATEMENT OF CLAIM is predicated on the very nature of fraud and conspiracy in essence of DOMESTIC MIXED WAR, TREASON, MALFEASANCE and SLAVERY for profit and personal gain.
>
> Using principals from the MAXIM OF LAW – THE COMMERCIAL AFFIDAVIT PROCESS, and given Timely Notice & Demand through U.S. Certified Mail with Return Receipt for Merchandice [sic], I have served all parties, informing them of their ongoing unauthorized use of my trademarked/trade-name for profit. Offering ten (10) days of grace to fulfill the lawfull [sic] obligation to respond/reply/or rebut, all parties have chosen to waive their right to contest, given full consent/agreement to the facts presented in the notice by acquiescence received 10/22/2019.

> Following their non-response was the Notice of Default with Commercial Affidavit to support, being served the precise same way, put on county record, and received 11/18/2019. This Private Commercial Process provided the below named defendant(s) with ample opportunity to correct the abuses being administered against me, proffering a total of thirty (30) days to cure, satisfy, and to make whloe [sic] – staying in honor.
>
> …
>
> Once again, forfeiting their duty to respond is what initiated this action. Proof of claim has been provided through filing numbers on Ohio record, proof of liens and Common Law Contracts given ownership of the "Dennis Jerome Waddell" Cestui Que Vie Trust/JURISTIC PERSON.
>
> …
>
> These Public Officials are in constant habit of violating their Oath of Office, and they too need learn that the Constitution exists to restrict government's authoritative abuses and that they will [be] held accountable for making the conscious decision to not correct their misdeeds even after being exposed to them on multiple occasions. To be clear, the JURISTIC PERSON/FICITIOUS ENTITY and I are not the same. I am Dennis-Jerome: Waddell, the flesh and blood living man/Sui Juris, and the other is an illicidly [sic] created legal entity deceptively created to subjugate flesh and blood men and women who are unaware! "ALL CRIME IS COMMERCIAL" which is further proof of unlawful business.
>
> My Petition is that in "good faith", this Court will choose to support and uphold the truth in the most pure unbiased manner, and Seek, Commence, and Criminally Prosecute all parties named responsible under all applicable provisions and mandates of the Ordained Constitution for the Union of several States of the United States of America, and Laws made in pursuant [sic] thereof. I am also requesting aid with placing commercial liens on all defendants, and ask for help tracking their where abouts if the information provided is not sufficient to serve them.

(Doc. 1-1 at 5–6).

Notably absent from the text above is any recognizable legal claim. To be sure, Plaintiff takes issue with Defendants, but he does not explain why. Nor does he provide relevant contextual allegations—who, what, when, and where. As a result, his allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Because Plaintiff's Complaint is premised on

4

incomprehensible allegations, the undersigned finds Plaintiff has failed to state a plausible claim for relief and it is recommended that this action be dismissed as frivolous. *See Flores*, 2014 WL 358460, at *3.

## IV. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint as frivolous.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 12, 2020   /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE